UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| MARGARET GADSBY, FRANK MURPHY, JOHN GARDINER, SR., RICHARD J. BRUSSARD, JR., HOSPITAL BOTIQUES, INC., JAMES TAYLOR and JODY TAYLOR, JEROME KRUTCHE, JAMES RIES, DONALD OINONEN, and CHARLES FEMMINELLA, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN GOLF CORPORATION OF CALIFORNIA and GOLF ENTERPRISES, INC.,<br><br>Defendants. | Case No. 2:10-cv-680-FTm-36SPC |

**PLAINTIFFS' AMENDED OBJECTION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff MARGARET GADSBY, Plaintiff FRANK MURPHY, Plaintiff JOHN GARDINER, SR., Plaintiff RICHARD J. BRUSSARD, JR., Plaintiff HOSPITAL BOUTIQUES, INC., Plaintiffs JAMES TAYLOR and JODY TAYLOR, Plaintiff JEROME KUTCHE, Plaintiff JAMES RIES, Plaintiff DONALD OINONEN and Plaintiff CHARLES FEMMINELLA, JR. (collectively, "Plaintiffs"), by and through their undersigned counsel, submit this Amended Objection to Defendant AMERICAN GOLF CORPORATION OF CALIFORNIA's and Defendant GOLF ENTERPRISES, INC.'s (together, "Defendants") Motion to Strike Plaintiffs' Opposition to Defendants' Motion

for Summary Judgment ("Motion to Strike") in the above-entitled action.  In support of this objection, Plaintiffs allege as follows.

Defendants filed their Motion to Strike merely to argue their Motion for Summary Judgment twice.  The Motion to Strike is procedurally improper and a flagrant misuse of court rule to gain the unfair advantage of having Defendants' Motion for Summary Judgment heard twice.

**I. Defendants' Motion to Strike fails to comply with *United States District Court for the Middle District of Florida Local Rule 3.01(b)* because Defendants failed to file Defendants' Motion to Strike within 14 days.**

Defendants' Motion to Strike fails to comply with *United States District Court for the Middle District of Florida Local Rule 3.01(b)* as Defendants failed to file Defendants' Motion to Strike within 14 days after service of the Plaintiffs' Opposition to Defendants' Motion for Summary Judgment ("Plaintiffs' Opposition to MSJ").  As stated above, Defendants' Motion to Strike is clearly a response to Plaintiff's Opposition to MSJ.  Defendants' filed Defendants' Motion to Strike 25 days after Plaintiffs' served and filed Plaintiffs' Opposition to MSJ.

Because Defendants failed to file Defendants' Motion to Strike within 14 days after service of Plaintiffs' Opposition to MSJ and in violation of *United States District Court for the Middle District of Florida Local Rule 3.01(b)*, Defendants' Motion to Strike is improper.

**II. Defendants' Motion to Strike fails to comply with *Fed. R. Civ. P. 12(f)(2)* because Defendants failed to file Defendants' Motion to Strike within 21 days.**

Defendants' Motion to Strike fails to comply with *Fed. R. Civ. P. 12(f)(2)* because Defendants failed to file Defendants' Motion to Strike within 21 days of service of Plaintiffs' Opposition to MSJ. *Fed. R. Civ. P. 12(f)(2)* provides as follows:

> "(f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
> (1) on its own; or
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."

Plaintiffs' undersigned counsel served Defendants and filed with this Court Plaintiffs' Opposition to MSJ on 23 March 2012, and Defendants' served and filed Defendants' Motion to Strike 25 days later (on 17 April 2012). For this reason, Defendants' Motion to Strike fails to comply with *Fed. R. Civ. P. 12(f)(2),* and is improper.

There is a dispute between the parties' respective counsel as to the timing of Defendants' Motion to Strike. On 12 April 2012 (20 days after Plaintiffs' filing of Plaintiffs' Opposition to MSJ), Defendants' counsel first contacted Plaintiffs' counsel to review Defendants' proposed Motion to Strike in order to discuss, in good faith, any issues the parties may have. Plaintiffs' counsel responded, indicating that Plaintiffs' counsel couldn't review until later that evening as Plaintiffs' counsel was out of the office and was unable to tend to the matter that day. Defendants counsel then e-mailed Plaintiffs' counsel and indicated that a discussion the next day was sufficient so long as Plaintiffs' counsel did not object to Defendants' counsel filing the Motion to Strike the next day (the 21st day after Plaintiffs' Opposition to MSJ). Plaintiffs' counsel neither

reviewed the e-mail nor responded to the e-mail as Plaintiffs' counsel was out of the office and tending to other matters. As a result, it appears from Defendants' counsel's recent representations that there was an understanding that Plaintiffs' counsel would waive the filing deadline (only pursuant to *Fed. R. Civ. P. 12(f)(2),* and not *Local Rule 3.01(b))* in reliance of that e-mail chain. Plaintiffs' counsel respectfully disagrees, and never intended to waive any filing deadlines. The parties' counsel discussed the matter the following week and there were no discussions whatsoever as to a waiver of filing deadlines. Plaintiffs were first made aware of the issue when Defendants' counsel contacted Plaintiffs' counsel to discuss Plaintiffs' Objection to Defendants' Motion to Strike. In conclusion, the parties have disputed whether there was an agreement as to Plaintiffs' waiver of the filing deadline (pursuant to *Fed. R. Civ. P. 12(f)(2))* of Defendants' Motion to Strike.

**III. Defendants' Motion to Strike fails to comply with *United States District Court for the Middle District of Florida Local Rule 3.01(c)* because Defendants failed to obtain leave of court to file Defendants' Motion to Strike.**

Defendants' Motion to Strike fails to comply with *United States District Court for the Middle District of Florida Local Rule 3.01(c)* which provides as follows:

> "No party shall file any reply or further memorandum directed to the motion or response allowed in (a) and (b) unless the Court grants leave."

Defendants' Motion to Strike is clearly a response in opposition to Plaintiffs' argument and evidence in support provided in Plaintiffs' Opposition to MSJ. Defendants did not obtain leave from this Court to file Defendants' response and, therefore, Defendants' Motion to Strike is improper.

**IV. Defendants' Motion to Strike fails to comply with *Fed. R. Civ. P. 12(f)* because Defendants are not permitted to file a motion to strike against Plaintiffs' Opposition to Defendants' Motion for Summary Judgment.**

Defendants' Motion to Strike fails to comply with *Fed. R. Civ. P. 12(f)* as the Court may only strike "pleadings," and Plaintiffs' Opposition to MSJ is clearly not a "pleading" as *Fed. R. Civ. P.* contemplates. *Fed. R. Civ. P. 12(f)* provides:

> "(f) Motion to Strike. The court may strike from a ***pleading*** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."
> [*emphasis added*].

*Fed. R. Civ. P. 7* provides:

> "(a) **Pleadings**. Only these pleadings are allowed:
> (1) a complaint;
> (2) an answer to a complaint;
> (3) an answer to a counterclaim designated as a counterclaim;
> (4) an answer to a crossclaim;
> (5) a third-party complaint;
> (6) an answer to a third-party complaint; and
> (7) if the court orders one, a reply to an answer.
>
> (b) **Motions and Other Papers**.
> (1) **In General**. A request for a court order must be made by motion. The motion must:
> (A) be in writing unless made during a hearing or trial;
> (B) state with particularity the grounds for seeking the order; and
> (C) state the relief sought."

*Fed. R. Civ. P. 7(a)* defines the documents that *Fed. R. Civ. P.* considers as pleadings, and *Fed. R. Civ. P. 7(b)* defines what documents constitute motions and other paper. Plaintiffs' Opposition to MSJ clearly does not fall within the definition of "pleadings" as found within *Fed. R. Civ. P. 7(a)*. Plaintiffs' Opposition to MSJ is a document that consists of legal and factual argument, including evidence in support, in response to Defendants' Motion for Summary. Plaintiffs' Opposition to MSJ is clearly a motion or other paper as *Fed. R. Civ. P. 7(b)* contemplates.

In response to Defendants' case law allegedly supporting that Defendants' Motion to Strike Plaintiffs' Opposition to MSJ is proper, Plaintiffs respectfully disagree. In *Cowan v. Mtglo Investors, L.P.*, the court merely struck a paper that the court deemed a pleading, and struck affidavits that attempted to reassert allegations that the court already struck *Cowan v. Mtglo Investors, L.P.,* 2012 WL 1058124 (M.D.Fla.). In *Williams v. the City of Tampa, FL*, the court denied a motion to strike that was effectively a reply to a motion. That is the case here, but the case actually serves to illustrate the inappropriateness of Plaintiffs' motion to strike. But, as to the rationale for Plaintiffs proffering the case in Plaintiffs' Opposition to MSJ, Plaintiffs identify legal and factual argument, including specific facts with evidence in support (testimony with documentation) that are proper to oppose a summary judgment.

For this reason, Defendants' Motion to Strike is improper as Defendants' Motion to Strike is attempting to strike a document that is not a pleading.

**V.  Defendants' Motion to Strike is improper as it's merely a response to Plaintiffs' Opposition to Plaintiffs' Opposition to MSJ.**

Defendants' Motion to Strike is merely a response in rebuttal to Plaintiffs' Opposition to MSJ, and, as such, is improper.

Plaintiffs' Opposition to MSJ identifies legal and factual argument, including specific facts with evidence in support (testimony with documentation) which is proper in opposing a summary judgment. In response to Plaintiffs' Opposition to MSJ, Defendants filed Defendants' Motion to Strike that merely provides argument in response to

Plaintiffs' Opposition to MSJ.  For this reason, Defendants' Motion to Strike violates *Fed. R. Civ. P. 12(f)*, and is improper

Dated this 6th day of June 2012.

     /s/ Charles PT Phoenix
Charles PT Phoenix, Florida Bar # 535591
PHOENIX FILE & PAGIDIPATI LLC
Attorneys for the Plaintiffs
12800 University Drive, Suite 260
Fort Myers, Florida  33907
Tele: (239) 461-0024
Fax:  (239) 461-0083

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been electronically filed with CM/ECF and furnished via U.S. Mail on this 6th day of June 2012 to: Jeremy J. Hart, Esq., Gunster, Yoakley & Stewart, PA, attorneys for the Defendants, One Biscayne Tower- Ste. 3400, 2 S. Biscayne Blvd., Miami, FL 33131-1987.

     /s/ Charles PT Phoenix
Charles PT Phoenix, Florida Bar # 535591