UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARGARET GADSBY, FRANK
MURPHY, JOHN GARDINER, SR. ,
RICHARD J. BRUSSARD, JR. ,
HOSPITAL BOUTIQUES, INC.,
JAMES TAYLOR, JODY TAYLOR,
JEROME KUTCHE, JAMES RIES,
DONALD OINONEN and CHARLES
FEMMINELLA, JR. ,

      Plaintiffs,

V.                                Case No: 2:10-CV-680-FtM-99SPC

AMERICAN GOLF CORPORATION
OF CALIFORNIA and GOLF
ENTERPRISES, INC.

      Defendants.

_____/

## ORDER

This matter comes before the Court on the Defendants, American Golf Corporation of California and Golf Enterprises, Inc.'s Motion for Reconsideration or for Clarification of the Court's Order Granting the Plaintiffs' Amended Motion to Modify Scheduling Order to Extend Trial-Related Deadlines (Doc. #73) filed on June 18, 2012, and the Defendants, Amended Motion for Reconsideration or for Clarification of the Court's Order Granting the Plaintiffs' Amended Motion to Modify Scheduling Order to Extend Trial-Related Deadlines (Doc. # 75)

1

filed on June 20, 2012. Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Carter v. Premier Restaurant Management, 2006 WL 2620302 (M.D. Fla. September 13, 2006) (citing American Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Susman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." Paine Webber Income Props. Three Ltd. Partnership v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Carter, 2006 WL 2620302 at *1 (citing Taylor Woodrow Construction Corp. v. Sarasota/Manatee Authority, 814 F. Supp. 1072, 1072-1073 (M.D. Fla. 1993)). A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time- an issue the Court has already determined. Carter, 2006 WL 2620302 at * 1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Id. (citing Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. Of Hillsboro County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." Carter, 2006 WL 2620302 at *1.

The Defendants object arguing that the Court's Order (Doc. # 71) issued on June 13, 2012, extending discovery by sixty (60) days is contrary to the Court's previous Order clearly ending discovery on March 12, 2012. The Defendants position is not well taken. The March 12, 2012, deadline was the deadline for the Defendants to produce the documents compelled by the Plaintiffs in their Motion to Compel and not a set deadline for the end of discovery.

While the Defendants argue that the discovery deadline has expired and the Order extending the deadlines by sixty (60) days is contrary to the Court's previous Order, District courts have broad discretion in managing their cases. Chrysler Int'l Corp. v. Chenaly, 280 F.3d 1358, 1360 (11th Cir. 2002). The broad discretion given to the court includes the management of pretrial activities such as discovery and scheduling. Id. (citing Johnson v. Bd. of Regents of Univ. Georgia, 263 F.3d 1234, 1269 (11th Cir. 2001). The Court clearly has the discretion to extend or modify deadlines within a case management and scheduling order to enlarge the discovery period. Thus, the Court stands by its Order extending the discovery period up to sixty (60) days the date of its Order (Doc. # 71) or August 12, 2012.

The Defendants also ask for clarification as to whether or not the Plaintiff may take a second deposition of Cheryl James and if all discovery is opened until August 12, 2012. Pursuant to the Federal Rules of Civil Procedure, "[a] party must obtain leave of court, and the court must grant leave to the extend consistent with Rule 26(b)(2) . . . if the parties have not stipulated to the deposition and : (ii) the deponent has already been deposed in the case . . . ." Fed. R. Civ. P. 30(a)(2)(A)(ii). Thus, Cheryl James may only be deposed for a second time if the Plaintiffs move for another deposition and the Court, for good cause, grants the request. Neither

the Court's Order (Doc. # 43) issued on February 21, 2012, nor the Court's Order (Doc. # 71) issued on June 13, 2012, granted the Plaintiffs permission for a second deposition of anyone.

The Defendant also wants to know if all discovery was reopened or just discovery for certain documents. All discovery was reopened by the Court's Order.

Accordingly, it is now

**ORDERED:**

1. The Defendants, American Golf Corporation of California and Golf Enterprises, Inc.'s Motion for Reconsideration or for Clarification of the Court's Order Granting the Plaintiffs' Amended Motion to Modify Scheduling Order to Extend Trial-Related Deadlines (Doc. #73) is **DENIED as moot**.

2. The Defendants, American Golf Corporation of California and Golf Enterprises, Inc.'s Motion for Reconsideration or for Clarification of the Court's Order Granting the Plaintiffs' Amended Motion to Modify Scheduling Order to Extend Trial-Related Deadlines (Doc. #75) is **DENIED in part and GRANTED in part.**

    a. The Defendants' Motion for Reconsideration is **DENIED.**

    b. The Defendants' Motion for Clarification **GRANTED**.

    (i) The Court's Order granting an extension for the discovery deadline did not grant the Plaintiffs the right to take a second deposition of Cheryl James.

    (ii) The Discovery Deadline was reopened for all discovery up to and including August 12, 2012.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st Day of June, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record