## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**MARGARET GADSBY, FRANK
MURPHY, JOHN GARDINER, SR. ,
RICHARD J. BRUSSARD, JR. ,
HOSPITAL BOUTIQUES, INC.,
JAMES TAYLOR, JODY TAYLOR,
JEROME KUTCHE, JAMES RIES,
DONALD OINONEN and CHARLES
FEMMINELLA, JR. ,**

       **Plaintiffs,**

**V.**                                **Case No:  2:10-CV-680-FtM-UASPC**

**AMERICAN GOLF CORPORATION
OF CALIFORNIA and GOLF
ENTERPRISES, INC.**

       **Defendants.**

_____/

## ORDER

This matter comes before the Court on Plaintiffs' Motion to Compel Production of Documents (Doc. #67) filed on June 6, 2012.  Defendants filed their Memorandum in Opposition to Plaintiffs' Motion to Compel Production of Documents from Defendants (Doc. #74) on June 18, 2012.  Therefore, this motion is now ripe for review.

In the Plaintiffs' Second Motion to Compel Production of Documents (Doc. #67), the Plaintiffs argue that the Court should require the Defendants to deliver the Monthly Reports without any redactions, require Defendants to produce Cheryl James for a second deposition, and award all expenses the Plaintiffs incurred relating to this Motion.  The Defendants argue that the Court should deny the Plaintiffs' Second Motion to Compel Production of Documents because

the Defendants provided a copy of the Monthly Reports as required by the Court, the deadline for discovery has passed, and the Plaintiffs failed to comply with Local Rule 3.01(g).

Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion will be sustained absent a find of abuse of discretion to the prejudice of a party. Id. Before discussing the merits of the Plaintiffs' Second Motion to Compel Production of Documents, this Court notes that the Court could deny the Motion based solely on the Plaintiffs' repeated failure to comply with Local Rule 3.01(g). Specifically, in the Plaintiffs' First Motion to Compel Production of Documents, this Court provided a "word of caution" to the Plaintiffs regarding their failure to comply with Local Rule 3.01(g), which the Court cited for the Plaintiffs' reference. Again, this Court cites the Local Rule, which reads in pertinent part:

> **[b]efore filing any motion in a civil case**, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, **the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion.** A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer**. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying**

> **whether or to what extent the parties have resolved the issue(s)**
> **presented in the motion.**

M.D. Fla. Local Rule 3.01(g) (emphasis added).

As seen clearly in the quoted text above, when a party files a motion in the United States District Court for the Middle District of Florida, that party must confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion and file a certification statement regarding the outcome of that good faith effort. In this case, the Plaintiff, for the second time, failed to confer with opposing counsel in a good-faith effort to resolve this Motion to Compel Production of Documents.

Moreover, as a second request in the Plaintiffs Motion, Plaintiffs argue that the Court should require the Defendants to produce Cheryl James for an additional deposition. However, similar to the document production analysis above, the Plaintiffs failed again to comply with Local Rule 3.01(g) regarding this issue. Thus, the Plaintiffs' repeated failure to comply with the Local Rules would allow this Court to deny the Plaintiffs' request to depose Cheryl James contained within the Second Motion to Compel Production of Documents outright. *See* Digiro v. Pall Aeropower Corp., 19 F. Supp. 2d 1304, 1306 (M.D. Fla. 1998) (noting Plaintiff's Motion was denied for failure to comply with Local Rule 3.01(g)).

Notwithstanding the Plaintiffs' failure to comply with the Local Rules, the Court will analyze the merits of the Plaintiffs' Second Motion to Compel Production of Documents. First, the Plaintiffs argue that the Court should compel the Defendants to produce an unedited version of the Monthly Reports because "[a]fter a complete review of the Monthly Reports by all of the Plaintiffs, Plaintiffs' counsel, and an independent party, Plaintiffs have discovered that Defendants have redacted more information than this [C]ourt ordered." (Doc. #67, P. 3).

However, the Defendants provided the Court with a sworn affidavit from Cheryl James that reads in pertinent part:

2. I am the Club Administrator of the Classics Country Club ( the Classics);
3. As the Club Administrator I am responsible for preparing the Monthly Reports of membership activity at the Classics;
4. I prepared the Monthly Reports, redacted versions of which were produced by Defendants to Plaintiffs and am fully familiar with them;
5. I have reviewed the original copies of the Monthly Reports and the redacted copies of the Monthly Reports that were produced to Plaintiffs
6. **The copies of the Monthly Reports that were produced to Plaintiffs by Defendants redacted only the names of the members of the Classics that are not Plaintiffs.**
7. **There are no redactions of any other information contained in the Monthly Reports produced to Plaintiffs by Defendants.**

(Doc. #74, P. 9, Emphasis added).  Due to the possible penalties from providing an untruthful affidavit, including perjury for Ms. James and sanctions for the Defendants' counsel, this Court accepts the information in Ms. James' sworn affidavit as true.  Therefore, because the Defendants provided an affidavit from the Monthly Report's creator, and because the Plaintiffs fail to provide the Court with specific examples of where the Defendants redacted more information than third-party names, the Court denies the Plaintiffs' request for the Defendants to provide an unedited version of the Monthly Reports.

In addition, both Parties in this action sought attorney's fees relating to the costs of this motion.  Under Rule 37, the Court may deny a request for expenses "if it determines that opposition to the motion was substantially justified or that other circumstances would make an award of expense[s] unjust."  <u>Reedy v. Lull Engineering Co., Inc.,</u> 137 F.R.D. 405, 409 (M.D. Fla. 1991).  In this case, the Court finds that Plaintiffs' request for attorney's fees, relating to this motion, is denied due to the Plaintiffs' repeated disregard for the United States District Court for the Middle District of Florida's Local Rules.  Furthermore, the Court finds that the Defendants'

request for attorney's fees, relating to this motion, is denied because the Plaintiffs' Motion does not appear to be completely frivolous on its face.  Thus, the Court finds that the circumstances of this case make an award of attorney's fees to either Party unjust.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion to Compel Production of Documents (Doc. #67) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of June, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record